UNITED STATES of America,
Plaintiff–Appellee,

v.

James DAVENPORT, Defendant–
Appellant.

No. 92–1191.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 12, 1993.

Decided Feb. 4, 1993.

Richard N. Cox, Asst. U.S. Atty., Office of the U.S. Atty., Danville, IL, for plaintiff-appellee.

Suzanne Philbrick, Chesterton, IN, for defendant-appellant.

Before EASTERBROOK and ROVNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

EASTERBROOK, Circuit Judge.

During custodial interrogation, James Davenport admitted that three guns could be found at his house. A search turned up the weapons he had described. This led to Davenport's conviction under 18 U.S.C. § 922(g), which makes it a crime for one previously convicted of a felony to possess a firearm. Davenport has many such convictions, which deepened his troubles, for they led to his sentencing as an armed career criminal under 18 U.S.C. § 924(e). The upshot: 210 months' imprisonment, to be followed by 5 years' supervised release.

Agent Paul Vido relayed at trial the statements Davenport had made when arrested. Vido did not say whether Davenport had received *Miranda* warnings and waived his rights: no one asked about the subject, and Davenport's lawyer did not ask the court to suppress the confession. At sentencing, the judge did not consider the indictment or other charging papers underlying his prior burglary convictions, although under *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), these show whether a burglary is a "violent felony" for purposes of § 924(e)(1). The presentence report, which Davenport conceded was accurate, describes crimes that are "generic burglary" under *Taylor*, but that decision makes the charging papers dispositive, and these are not in the record.

Davenport's new appellate counsel contends that the trial and sentencing were infected by plain error: a confession elicited without a waiver of rights was admitted into evidence, and prior convictions were used to enhance the sentence without satisfying the standards of *Taylor*. These assertions are unwarranted. Nothing in the record shows, one way or the other, whether Davenport received *Miranda* warnings and waived his rights, and whether the charging papers satisfy the standards of *Taylor*. For all we can tell, Agent Vido gave proper warnings and Davenport signed a waiver in blood. For all we know, the charging papers meet the standard of "generic burglary" and thus establish that the crimes are "violent felonies". The record is entirely consistent with proper conduct. An event that cannot be sorted into the "error" bin at all necessarily is not a "plain" error. See *United States v. Frady*, 456 U.S. 152, 163 & n. 13, 102 S.Ct. 1584, 1592 & n. 13, 71 L.Ed.2d 816 (1982); *United States v. Caputo*, 978 F.2d 972, 974–75 (7th Cir.1992). Davenport confronts the further problem that even "plain error" would not be enough to upset the admission of his confession. Defendants must move before trial to exclude such evidence, Fed.R.Crim.P. 12(b)(3), and failure to make the motion produces forfeiture unless the defendant can establish "cause" for the omission. Fed.R.Crim.P. 12(f). See also *Davis v. United States*, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973). "Cause" is a more exacting standard than "plain error," *Frady*, 456 U.S. at 164–68, 102 S.Ct.

at 1592–95, for it requires the defendant to show some hindrance to the conduct of the defense. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Once Davenport forfeited his right to contest the use of a confession, there was no need to inquire into warnings and waivers; that was all water under the bridge, irrelevant to any issue within the jury's purview. Failure to elicit irrelevant evidence is not error of any kind.

Ours is an adversary system. Courts need not, and in the main should not, raise issues the parties bypass. Any criminal prosecution covers ground littered with issues: was there probable cause for the arrest?, did the suspect receive warnings?, was the confession voluntary?, these and a thousand more questions could arise in a given case. *Could* arise. Most of the time they need not be litigated, because the police have behaved properly. Counsel examine the facts and winnow the issues, presenting for resolution by the court only those about which there is a fair basis for dispute. Judges heed these decisions—including decisions expressed only by silence—not only out of respect for the role of counsel but also because they must husband their time for cases and claims that require it. It would be pointless, even perverse, to require judges to demand that prosecutors establish compliance with *Miranda* (and, by implication, every other doctrine of substantive and procedural law) in every case, for then substantial quantities of time would be devoted to proving what no one denies. Rule 12 takes a different view of the parties' obligations, and the court's. Yet, by Davenport's reasoning, whenever the parties are content to let a potential issue go, most likely because they believe that there is nothing to disagree about, plain error ensues—for the record will be silent, and the court of appeals cannot be sure that, had the subject been broached, things would not have gone differently. The more empty the potential claim, the more the parties agree, and the less, therefore, is said at trial, the graver the error. To state the proposition is to expose the fallacy.

■ Although this record does not demonstrate any error *by the court,* and therefore lacks any basis on which to reverse the conviction, it does not eliminate the possibility of error *by counsel.* Ineffective assistance of counsel at trial is "cause" for a procedural default. *Murray,* 477 U.S. at 488, 106 S.Ct. at 2645; contrast *Coleman v. Thompson,* — U.S. —, — – —, 111 S.Ct. 2546, 2566–67, 115 L.Ed.2d 640 (1991). What if Davenport's trial lawyer was simply asleep, failing to make a pretrial motion to suppress (or to object at trial) because the possibility of a *Miranda* problem never entered his mind? What if his trial lawyer was unaware that *Taylor* directs the sentencing judge to the charging papers rather than the evidence presented at the former trials? That would be substandard performance. Davenport's appellate lawyer asks us to hold that, as a matter of law, the omissions to move to suppress and ask the judge to examine the charging papers were ineffective assistance of counsel.

■ Such an argument had no prospect of success on this appeal. Attorneys need not pursue every conceivable avenue; they are entitled to be selective. *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Did trial counsel make appropriate choices? How could we tell? To show that he received ineffective assistance of counsel at trial, Davenport must establish (the burden of both proof and persuasion is his) that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment . . . [and] that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

Nothing in this record implies that counsel made any error, let alone an error that "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Ibid.* See also, e.g., *Lockhart v. Fretwell,* — U.S. —, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Cf. John C. Jeffries, Jr. & William J. Stuntz, *Ineffective Assistance and Procedural Default in Federal Habeas Corpus,* 57 U.Chi.L.Rev. 679 (1990). Admitting the confession enhanced the accuracy and relia-

bility of the trial. That the outcome of the trial could have been different but for the attorney's decision does not establish "prejudice" as the Supreme Court uses that term. *Lockhart; Nix v. Whiteside*, 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986). And where was counsel's "error?" Snoozing through the presentation of damning evidence would be error, but deciding not to move to suppress would be the proper course if, for example, Davenport told his lawyer that Agent Vido informed him of his rights, which he then waived. Even if Davenport denied receiving warnings, a prudent lawyer might choose to avoid a swearing contest between his client and a law enforcement officer. A silent record does not establish that somnolence or ignorance, rather than an informed decision, underlies a failure to object. Davenport must supplement the record in proceedings under § 2255 if he is to have any hope of success. So too for the sentencing issues. For all we can tell, trial counsel obtained the charging papers, recognized that they satisfy *Taylor*, and saw no point in insisting that the record be padded with evidence adverse to his client.

Difficulties of this kind dog any effort to decide on appeal whether trial counsel was ineffective, when the defendant did not present such an argument to the district court and compile the record essential to its resolution. Even evidence that appears loony when not accompanied by an account from trial counsel may turn out to have been reasoned through. Compare *United States v. Myers*, 892 F.2d 642, 647–49 (7th Cir.1990), with *United States v. Myers*, 917 F.2d 1008 (7th Cir.1990). The best the defendant can hope for is a remand, with instructions to explore explanations for conduct that appears questionable. We have not found any case in this circuit reversing a judgment without such a remand. If all the defendant can get is an opportunity to enlarge the record—something he could obtain with less fuss by a proceeding under § 2255—then raising ineffective assistance on appeal does the defendant no favors. For a defendant assuredly can *lose* such an argument. E.g., *United States v. Donaldson*, 978 F.2d 381, 394–95 (7th Cir.1992). Thus a defendant

who presents an ineffective-assistance claim for the first time on direct appeal has little to gain and everything to lose. At oral argument counsel withdrew the request that we decide whether trial counsel was ineffective, to avoid any jeopardy to its presentation under 28 U.S.C. § 2255 after the record can be fleshed out. See *United States v. Taglia*, 922 F.2d 413, 418 (7th Cir.1991) (a person making a claim of ineffective assistance under § 2255 "is unlikely to get to first base if he already has presented a claim of ineffective assistance to the court of appeals unsuccessfully."); *United States v. Mazak*, 789 F.2d 580 (7th Cir.1986); *Page v. United States*, 884 F.2d 300, 302 (7th Cir.1989); see also *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); cf. *McCleskey v. Zant*, —— U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Donaldson* observes that the extent to which direct appeal is the right occasion to decide whether counsel rendered ineffective assistance remains open within the court. 978 F.2d at 394. Post-trial proceedings equivalent to those under § 2255 might supply the record necessary to an intelligent decision, but nothing of the kind preceded this appeal. Davenport's sensible decision to defer this contention to proceedings under § 2255 means that we need not pursue the subject.

A*FFIRMED*.