4 F.3d 998
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jeffrey WALDECKER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1985.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 12, 1993.*
Decided Aug. 17, 1993.
 
 Before POSNER, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Jeffrey Waldecker appeals from the denial of his motion under 28 U.S.C. Sec. 2255 to vacate, correct, or set aside his sentence. We reverse and remand for further proceedings.[1]
 
 
 2
 * The government does not dispute the facts Waldecker presents in his briefs and filings. He claims that his rights under the Fifth and Sixth Amendments were violated when federal agents arrested him and elicited statements without reading the Miranda warnings. He also alleges that his appointed attorney further violated his constitutional rights by failing to investigate these issues and take action to protect his client's interests.
 
 
 3
 Waldecker asserts that Special Agent Stephen Lawroski of the United States Bureau of Alcohol, Tobacco and Firearms and Milwaukee Police Detective Michael LaPointe blocked the driveway of his mother's home one day as he was attempting to drive onto the street. Lawroski told Waldecker that he believed Waldecker had information about a suspected arson. Waldecker told the officers he did not wish to speak with them. After Waldecker declined an invitation to come downtown and discuss the investigation, Lawroski stated adamantly that Waldecker would have to go with them. LaPointe handed Waldecker an arrest warrant and Lawroski told him he was under arrest. After Waldecker pulled his car back up the driveway and called his mother, the officers drove him to the Milwaukee headquarters of the Federal Bureau of Investigation.
 
 
 4
 At FBI headquarters, Waldecker was taken into an "interrogation room." Lawroski told Waldecker that he would be granted immunity for any information he could provide about the fire and the involvement of one James O'Connor. Waldecker balked, expressing concern about incriminating himself. Lawroski responded that something called "the Discovery Act" would protect Waldecker: Anything he said could not be used against him or anyone else in a court of law, unless he committed perjury. Waldecker did not know what to do. At one point, Lawroski asked whether Waldecker wanted to contact his attorney. Waldecker responded that he did not have and could not afford one. Lawroski never mentioned that counsel could be appointed free of charge or read Waldecker his Miranda rights. "I took agent Lawrowski [sic] for his word and what he said had sounded logical about the discovery act so I agreed to proceed on his word of what he had told me." Appellant's "Appeal Index" at 3.
 
 
 5
 Waldecker proceeded to admit to conspiring with O'Connor to commit arson. He was still without counsel when the United States Attorney made an offer of a plea agreement. Waldecker says he was in a state of shock when he read the paper and it mentioned nothing about immunity. After arraignment, he met with appointed counsel. The lawyer, who greeted him with the observation "so you're the arsonist," indicated to Waldecker that he would follow the plan the government had arranged. He never asked about the case, including anything about Waldecker's confrontation with the agents or the circumstances in the interrogation room. Nor did he inquire whether Waldecker had been told of his right to remain silent or to have counsel appointed if he could not afford to retain representation himself. Moreover, Waldecker claims that the lawyer never advised him if he had any alternative options or whether he was bound by the plea agreement.
 
 II
 
 6
 The district court dismissed the motion, finding "Waldecker's Sixth Amendment challenge has been waived and he was procedurally defaulted on his ineffective assistance claim." United States v. Waldecker [sic], No. 90-CR-62, order at 3 (E.D.Wis. Apr. 14, 1992). The court does not explain how it reached this conclusion, with which we disagree. Perhaps the court concluded that Waldecker did not establish cause for having failed to bring his ineffective assistance of counsel claim on direct appeal. Our cases, however, say that a defendant need not--indeed, should not--attempt that course on direct appeal except in the rarest of circumstances.
 
 
 7
 When trial and appellate counsel are one and the same, for instance, a defendant is not barred from raising a claim of ineffectiveness for the first time on postconviction review. United States v. Taglia, 922 F.2d 413, 417 (7th Cir.), cert. denied, 111 S.Ct. 2040 (1991). Waldecker claims that his attorney rebuffed his request to appeal, which if made timely would establish per se ineffective assistance of counsel. Bonneau v. United States, 961 F.2d 17 (1st Cir.1992); United States v. Horodner, 993 F.2d 191, 195 (9th Cir.1993). Moreover, we have emphasized time and again that "raising the issue [of ineffectiveness at all] on direct appeal presents its own perils because the argument must rest solely on the trial court record, which often offers little insight into counsel's decisionmaking process." Bond v. United States, No. 92-3289, slip op. at 7 (7th Cir. Aug. 6, 1993). As we recently have reiterated, raising ineffectiveness on direct appeal is almost guaranteed to be a sure-fire loser argument. No case in this circuit has reversed a judgment on the basis of an ineffective assistance claim. Given this record, "[t]he best the defendant can hope for is a remand, with instructions to explore explanations for conduct that appears questionable." United States v. Davenport, 986 F.2d 1047, 1050 (7th Cir.1993).
 
 
 8
 The fact that this appeal raises constitutional issues pertaining to the circumstances leading to a plea agreement does not render it ineligible for relief under Sec. 2255. The district court disagreed, surmising that "once a guilty plea has been entered, all nonjurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked." Waldecker, No. 90-CR-62, order at 3. The government asserts that Waldecker waived any issues regarding the admissibility of his statements because he failed to move to suppress them under Federal Rule of Criminal Procedure 12; did not enter a conditional plea under Rule 11(a)(2); and did not have cause for raising constitutional issues that he could have pursued on direct appeal. Of course, Waldecker would not likely have been able to file such motions without competent counsel. And if his lawyer indeed were ineffective, he probably would not have taken an appeal alleging his own ineptitude, see Page v. United States, 884 F.2d 300, 301 (7th Cir.1989), whether or not the record were sufficiently developed to enable this court to make that judgment. See Bond, slip op. at 8. In any event, we are unpersuaded both by the district court's rather summary analysis and the government's overly procedural arguments on appeal.
 
 
 9
 "Collateral relief under section 2255 is available if any legal error in taking a prisoner's guilty plea was 'jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice.' " Belford v. United States, 975 F.2d 310, 313 (1992) (citation omitted). We need not decide whether a complete miscarriage of justice is at hand because Waldecker frames his challenge in constitutional terms: Ineffective assistance of counsel is a valid basis for claiming that a guilty plea is not knowing and voluntary. United States v. Broce, 488 U.S. 563, 574 (1989); Haring v. Prosise, 462 U.S. 306, 320 (1983); United States v. Brown, 870 F.2d 1354, 1359 (7th Cir.1989).
 
 
 10
 We do not decide today whether Waldecker's claims are valid. From the record before us, this court is not best situated to determine if the law enforcement officers coerced Waldecker's statements, whether the government shirked its duty to provide counsel during plea negotiations, see Carnine v. United States, 974 F.2d 924, 932 n. 10 (7th Cir.1992), or whether Waldecker's attorney was constitutionally ineffective. See United States v. Booker, 981 F.2d 289, 292 (7th Cir.1992) (ineffective assistance claims are best handled in first instance by district court). Rather, we hold only that Waldecker did not default his claims. His allegations raise the possibility that counsel's performance sank below "the range of reasonable, professional, and conscientious representation." Bond, slip op. at 12. But this is merely Waldecker's description of events. Because the district court found a procedural default and summarily dismissed the motion, it never held an evidentiary hearing to assess his credibility. Nor did trial counsel have the opportunity to testify or to submit an affidavit in response to Waldecker's accusations. Since Waldecker established cause for failing to raise his arguments on direct appeal--the record requires the type of enlargement possible only in a postconviction proceeding, see Bond, slip op. at 14; Taglia, 922 F.2d at 418-19--the district court erred in barring his motion.
 
 
 11
 An evidentiary hearing may help resolve Waldecker's claims. While his "Appeal Appendix" contains something marked "Declaration of Affidavit", it is not evident that this document was sworn. Moreover, it does not appear in the record. For that reason, at this time Waldecker's allegations are not in proper evidentiary form. If he submits a sworn affidavit containing disputed facts, the district court should hold further proceedings consistent with this opinion to consider, in accordance with Lockhart v. Fretwell, 113 S.Ct. 838 (1993), whether Waldecker's lawyer performed ineffectively and whether that ineffectiveness requires him to be permitted to withdraw his plea of guilty.
 
 REVERSED AND REMANDED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument". See Fed.R.App.P. 34(a) and Circuit Rule 34(f). Waldecker filed such a statement. After reviewing the statement, record, and briefs, we have concluded that oral argument is unnecessary
 
 
 [1]
 We deny Waldecker's motion for appointment of counsel on appeal