14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Robert L. ECHOLS, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 92-2716.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.*
Decided Dec. 20, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Robert L. Echols appeals the district court's denial of his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 Echols pled guilty to possession of a firearm by a felon and was sentenced as a career offender. We affirmed the conviction on direct appeal in an unpublished order. United States v. Echols, No. 91-1084, 1992 U.S.App. LEXIS 309 (7th Cir. Jan. 6, 1992). Echols thereafter moved the district court for relief under Sec. 2255 on three grounds: 1) he received ineffective assistance of counsel; 2) his guilty plea was involuntary; and 3) his sentence was improperly enhanced. The district court denied Echols's petition, finding first that he failed to meet the prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984), on the ineffective assistance claim, and that he procedurally defaulted on the remaining claims.
 
 
 3
 To establish an ineffective assistance claim, Echols must show that his counsel's performance was deficient and that this deficiency prejudiced him.[1] Strickland, 466 U.S. at 687; United States v. Levine, No. 91-3514, slip op. at 14 (7th Cir. Sept. 27, 1993). The "prejudice" component focuses on whether counsel's deficient performance deprived the defendant of a fair trial. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993) (citing Strickland, 466 U.S. at 687). Echols fails to meet this burden of showing of prejudice. As the sentencing court noted, Echols's court-appointed counsel did "just about everything a lawyer could do" for him. Counsel obtained a favorable plea agreement for Echols, and raised all his objections to the presentence report. Echols has failed to demonstrate prejudice from his claim that counsel did not explain the charges, evidence and consequences of a plea because the district court fully explained these matters to him as required by Fed.R.Crim.P. 11. Finally, Echols's cannot show he was prejudiced from counsel's alleged failure to investigate the charge or evidence because he does not allege what specific challenges should have been made or the investigation should have been pursued. The record shows that counsel's performance did not prejudice Echols, nor did it deprive Echols of a fair hearing.
 
 
 4
 Echols's arguments that his guilty plea was involuntary and that his sentence was improperly enhanced under 18 U.S.C. Sec. 924(e) because his prior convictions were stale were not raised on direct appeal. Echols may not utilize a Sec. 2255 motion to raise constitutional arguments that could have been raised on direct appeal. See, e.g., Degaglia v. United States, No. 92-2033, slip op. at 5-6 (7th Cir. Oct. 12, 1993); Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992). Echols failed to show cause for and prejudice from his failure to directly appeal these issues. Therefore, these arguments are waived.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 We note that Echols's direct appeal was set for hearing en banc on the ineffective assistance of counsel claim, but the claim was abandoned at oral argument. This failure to raise the issue on direct appeal is not fatal to an ineffective assistance claim. United States v. Davenport, 986 F.2d 1047, 1050 (7th Cir.1993); see Guinan v. United States, No. 92-2832, slip op. at 3-8 (7th Cir. Sept. 30, 1993)