JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Kevin Hughley appeals his jury trial conviction for tampering with records in violation of R.C. 2913.42. He was acquitted of grand theft auto, forgery, and title law violation. Defendant worked for Auto World, a used car lot. He was also employed by Unique Auto Sales. In August 2000, John and Kelli Foose bought a used car from defendant while he was working at Auto World. They financed the car through Unique Auto Sales, co-owned by defendant and his girlfriend. Although defendant had bought the car from its previous owner, he had to sell it from Auto World's lot because, at the time of the sale to the Fooses, he and his girlfriend lacked the necessary license to transfer titles. They therefore had a verbal agreement to sell cars off Auto World's lot. They would give a certain amount of money to Auto World for each Unique Auto transaction.
 {¶ 2} Foose signed the necessary financing papers. At the time of purchase he executed a power of attorney to allow either Auto World or Unique Auto to apply for a certificate of title. Kelli Foose testified that she never signed any documents related to the sale of the car. Although Foose did receive a bill of sale and a promissory note, he never received a certificate of title. The power of attorney he filled out was never filed with the Bureau of Motor Vehicles.
 {¶ 3} The Fooses were supposed to make payments of $200 a month. Foose testified that from September to March he had made payments in the amount of $1,200. He missed, therefore, at least two months' payments. He admitted that at some point he was informed that there was a clerical problem with the title, and that he was subject to repossession for being behind on the payments, but he said he did not know until complaining at the BMV that the sale amount was mistakenly listed as $400 and that the lien was not reflected on the title.
 {¶ 4} Eight months after buying the car, and after repeatedly trying to contact defendant concerning the certificate of title, Foose went to the Bureau of Motor Vehicles ("BMV") to complain that he had not received the certificate of title. While he was at the BMV, Foose saw defendant in the parking lot. After Foose had filled out his complaint at the BMV, he went to the parking lot and found that his car was gone. He called the police, who contacted defendant and told him to bring the car back to the BMV. Defendant himself returned to the BMV, but instead of bringing the car, he only brought a title to the car. He told the police that the car had been repossessed, but he did not tell the police where he had had the car towed. After contacting the towing company, the police learned that the car had been towed to Unique Auto, the other dealership where defendant worked. At the time of trial, the location of the car was not known.
 {¶ 5} When the investigator from the BMV went to the clerk of courts for the titles which had been filed for the car, he found a chain of three titles. One title purported to transfer the car from Auto World to the Fooses and purported to contain the signatures of the purchasers, John and Kelli Foose. The signatures on each title, however, were in different handwritings, none of which had been signed by the Fooses. On all the documents which purport to contain her signature, Kelli Foose's name is misspelled. The titles were notarized by defendant's girlfriend, who, along with defendant, co-owned Unique Auto.[1] The purchasers told the investigator that they had not signed the titles, and a handwriting expert testified that the signatures on the titles did not match the purchasers' signatures. The expert testified that on one of the titles defendant wrote the signatures purporting to be those of the Fooses.
 {¶ 6} Defendant had a power of attorney signed by John Foose. This document stated the following: "I John Foose * * * do hereby make, constitute and appoint Auto World/Unique my true and lawful attorney * * * to make application for Certificate of Title or a Memorandum * * * for a * * * Buick * * * purchased by me from Auto World/Unique. I hereby give to said attorney or either of them full power and authority in the premises until this power-of-attorney be revoked by a written instrument of notice in writing." Defendant was acquitted of grand theft auto, forgery, and title law violation. He was convicted solely for tampering with records. Defendant timely appealed, stating five assignments of error.[2] The first states:
"I. The jury's verdict is not supported by sufficient evidence."
 {¶ 7} Defendant argues that the evidence was not sufficient to support his conviction because the state failed to prove all of the elements of the crime. He argues that he did not possess the requisite mens rea to support his conviction for tampering with records, a violation of R.C. 2913.42, which states in pertinent part:
"(A) No person, knowing the person has no privilege to do so, and with purpose to defraud or knowing that the person is facilitating a fraud, shall do any of the following:
"(1) Falsify, destroy, remove, conceal, alter, deface, or mutilate any writing, computer software, data, or record;
"(2) Utter any writing or record, knowing it to have been tampered with as provided in division (A)(1) of this section.
"(B)(1) Whoever violates this section is guilty of tampering with records."
 {¶ 8} Chapter 2913 defines "to defraud" as "to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another." R.C. 2913.01(B).
 {¶ 9} When assessing the sufficiency of evidence, the court views the probative evidence and all reasonable inferences drawn from that evidence in a light most favorable to the prosecution and determines whether a reasonable trier of fact could find that all the essential elements of the crime were proven beyond a reasonable doubt. State v.Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 10} Defendant states he was merely trying to correct the title to accurately reflect proper ownership of the vehicle rather than perpetrate a fraud on the BMV.[3] Defendant's girlfriend admitted on the stand that she had made two errors when she filled out the first title indicating the sale to the Fooses. She had failed to show Unique Auto's lien on the car, and she had listed the price of the car as $400 rather than over $4,000.
 {¶ 11} Defendant argues that these clerical errors were what he was trying to correct. The net result of his actions was to restore the car back to Unique Auto, the lien holder, after Foose was in default on his payments. Foose does not dispute that the promissory note he signed clearly stated that "MISSING TWO PAYMENTS WILL RESULT IN REPOSSESSION." Nor does Foose dispute that he was at least two payments in arrears.
 {¶ 12} Further, Foose admitted that once he knew the substance of the errors on the title, he was willing to allow the BMV investigator to try to help him get the car free and clear of any further obligations to make payments. In other words, Foose was willing to take advantage of the clerical error to his benefit.
 {¶ 13} Defendant, on the other hand, was not intending to gain any benefit to which he was not entitled. He had a promissory note on the car, and the bill of sale reflects the same financing terms that Foose testified were the agreement. Further, although defendant's methods were more than improper, there is no evidence that he was intending anything other than restoring the situation to the terms agreed upon at the time of sale.
 {¶ 14} We do not dispute that presenting a forged document to a government agency is not behavior to be encouraged. There is no evidence, however, that he intended to defraud the BMV. He did not intend to use the documents to add a benefit for himself; rather, he was using them to restore the status quo. Defendant's assignment of error has merit because he lacked the requisite mens rea to be guilty of defrauding the BMV.
 {¶ 15} Defendant's conviction is vacated.
 PATRICIA A. BLACKMON, P.J., and TIMOTHY E. McMONAGLE, J., concur.
This cause is vacated.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
[1] The girlfriend pleaded guilty to forging the name of Auto World's owner on the title to John Foose's car.
[2] Because the first assignment of error is dispositive of the case, the remaining four assignments of error are moot.
[3] The indictment on this charge states that defendant, "unlawfully, and knowing that he had no privilege to do so and with the purpose to defraud or with knowledge that he was facilitating a fraud on State of Ohio Bureau of Motor Vehicle, did falsify a writing, data or record, to-wit; application for motor vehicle title, a record kept by a governmental agency."