**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 1, 2007
Decided February 5, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-1009

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 05 CR 42 |
| ALLEN LADD, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Allen Ladd, a felon, was found guilty by a jury of possessing a firearm, 18 U.S.C. § 922(g)(1), and of possessing crack cocaine with intent to distribute, 21 U.S.C. § 841(a)(1).  At sentencing the district court determined that Ladd qualified as a career offender, U.S.S.G. § 4B1.1, and sentenced him to a total of 360 months' imprisonment.  Ladd filed a notice of appeal, but his appointed lawyers now seek to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because they are unable to discern a nonfrivolous issue to pursue.  Counsel's supporting brief is facially adequate, and Ladd has responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission.  We limit our review to the potential issues identified in counsel's brief and Ladd's response.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

On May 12, 2005, police officers in Madison, Wisconsin, discovered during a routine traffic stop that Emmit Quinn possessed marijuana. Quinn told police he was planning to buy drugs from Ladd later that night and—in return for a promise of immunity—Quinn agreed to arrange a controlled buy of crack cocaine from Ladd. During telephone calls which police monitored, Quinn arranged to meet Ladd that night in the parking lot of a Denny's restaurant. Ladd drove to the lot as planned; while he was waiting for Quinn to arrive, police officers approached the car with weapons drawn and ordered Ladd and his two passengers to put their hands in the air. Two officers testified at trial that Ladd's passengers complied with the order, but Ladd himself reached below the dashboard to the left of the steering column, where police would later discover a hidden compartment containing 18 grams of crack cocaine and a loaded pistol. The police pulled Ladd from the car and placed him under arrest before he managed to retrieve anything from the compartment.

Ladd was charged with possessing crack cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c), and possessing a firearm as a felon, *id.* § 922(g)(1). He pleaded not guilty. At Ladd's urging a magistrate judge "reluctantly" allowed Ladd's first appointed attorney to withdraw four months prior to trial, though the magistrate judge warned Ladd to "cooperate fully" with his second attorney because otherwise—"given Ladd's reasons for seeking new counsel"—the court likely would require him to represent himself. But Ladd apparently ignored this advice, and less than three weeks before trial his second appointed attorney moved to withdraw, averring in a supporting affidavit that Ladd had refused to discuss the case with her. The magistrate judge denied the motion after conducting an *ex parte* hearing, and the trial proceeded as scheduled. The jury acquitted Ladd on the § 924(c) count, but found him guilty of possessing the crack and firearm.

The probation officer concluded that Ladd qualified as a career offender, and in the presentence report recommended a guidelines imprisonment range of 360 months to life. At sentencing Ladd told the district court that he needed more time to discuss the report with counsel, and after the district court allowed the two to confer in private for 90 minutes, counsel reported back that Ladd was insisting she move to withdraw. The court offered to let Ladd proceed without counsel, but then denied counsel's motion when Ladd insisted he was "not intelligent enough about the law . . . to go through this myself." Ladd, through counsel, then argued that he should be sentenced below the range because at his age—he was 40 years old at the time of sentencing—a sentence of 30 years or more would be, in effect, a life sentence. Ladd also invoked his health problems (he shattered both knees and fractured his neck in a drunk-driving accident in 2004), his desire to parent his three children, and his difficult childhood—during which he witnessed, at the age of seven, his mother and another person being shot to death—as justifications for a lower sentence. Finally, he argued that a sentence based on the guidelines'

treatment of one gram of crack as equivalent to 100 grams of powder cocaine would be inherently unreasonable and unconstitutional. The district court rejected these arguments and, citing a desire to hold Ladd accountable for his conduct and the need to protect the community, sentenced him to a term of 360 months for the drug offense and a concurrent 120-month term on the § 922(g)(1) count.

In their *Anders* brief, counsel first consider whether Ladd could challenge the sufficiency of the evidence that he possessed the crack and firearm, but they conclude that any such challenge would be frivolous. We agree. Ladd, a felon, was caught red-handed reaching for a hidden compartment that contained a loaded gun and a distributable amount of crack.

Counsel next consider whether Ladd could argue that the magistrate judge erred by denying the motion to withdraw that his second attorney filed less than three weeks before trial. We review the denial of such motions only for abuse of discretion*, see United States v. Best*, 426 F.3d 937, 947 (7th Cir. 2005), and we agree with appellate counsel that it would be frivolous to argue that there was an abuse of discretion here. The magistrate judge conducted an *ex parte* hearing on the motion, at which Ladd and his attorney were both present; this hearing gave the magistrate judge an opportunity to assess Ladd's reasons for the motion as well as to determine whether there had been an "irretrievable breakdown" between Ladd and counsel. The magistrate judge concluded that there had not, and that conclusion finds support in Ladd's response to counsel's *Anders* motion, which alludes to discussions between Ladd and his counsel regarding potential issues for investigation, theories of defense, and questions to be asked of witnesses. Although Ladd and his attorney apparently had some disagreements during these discussions, it would be frivolous to argue that the relationship between lawyer and client reached the "total breakdown" point that might have warranted substituting another lawyer. *See id.* at 947-48. Ladd might not have concurred with every decision trial counsel made, but as a general rule choosing a defensive theory and selecting trial witnesses are decisions to be made by counsel, not the defendant. *See, e.g., United States v. Johnson*, 223 F.3d 665, 670 (7th Cir. 2000). Moreover, the argument Ladd proposes in his Rule 51(b) response that the ruling on the motion to withdraw deprived him of his Sixth Amendment right to "counsel of choice" is equally frivolous. The right to "counsel of choice" arises only when defendants do not require appointed counsel. *See United States v. Gonzalez-Lopez*, 126 S. Ct. 2557, 2561 (2006).

Counsel next consider whether Ladd could argue that his prison sentence is unreasonable, but conclude that such an argument would be frivolous because they can find no error in the district court's calculation of the guidelines range or its analysis of the relevant factors under 18 U.S.C. § 3553(a). We agree. The concurrent prison terms for Ladd's two offenses are within the properly calculated guidelines range and are thus presumed reasonable. *See United States v. Mykytiuk*,

415 F.3d 606, 608 (7th Cir. 2005). Although the Supreme Court has granted a writ of certiorari to decide whether it is consistent with *United States v. Booker*, 543 U.S. 220 (2005), to afford a presumption of reasonableness to sentences within the guidelines range, *see United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 127 S. Ct. 551 (U.S. Nov. 3, 2006) (No. 06-5754), the result of that decision would not affect our conclusion that it would be frivolous for Ladd to argue that his sentence is unreasonable. We recently noted that sentencing courts must consider serious arguments for imposing a sentence below the guidelines range, *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1111 (7th Cir. 2006), but the arguments for a lower sentence that Ladd presents—such as his age and health problems, the fact that he has three children, and the fact that his offense (on this occasion) was non-violent—offer no compelling justification for a sentence below the guidelines range. Even ignoring the presumption, then, we would still agree with counsel that a reasonableness argument concerning Ladd's sentence would be frivolous.

Ladd, in his Rule 51(b) response, proposes to argue that the government failed to prove beyond a reasonable doubt that the substance he possessed was crack, a contention which, if true, would mean that he was improperly subjected to a statutorily enhanced sentence under 21 U.S.C. § 841(b)(1)(B). *See United States v. Knight*, 342 F.3d 697, 710 (7th Cir. 2003). But Ladd's contention is frivolous given the evidence adduced at trial. Emmit Quinn testified that he negotiated with Ladd to buy crack, not powder cocaine. Officer Green testified that the substance retrieved from the car was in the form of several "rocks" or "individual pieces," and not in powder form. *See* U.S.S.G. § 2D1.1(c)(D) (describing crack as cocaine base in "lumpy, rocklike form"). And Robert Block, a chemist with the Wisconsin Department of Justice, testified that he tested the material and concluded that it was cocaine base in its crack form.

Ladd, though, proposes a related argument that the district judge assumed an adversarial role because she, and not the prosecutor, elicited from Block that the cocaine base he tested was specifically in the form of crack. But the judge's question showed no bias regarding Ladd's dishonesty or guilt, so this potential argument would also be frivolous. *See* Fed. R. Evid. 614(b); *United States v. McCray*, 437 F.3d 639, 643 (7th Cir. 2006) ("A district judge is free to interject during a direct or cross-examination to clarify an issue . . . ." (internal quotation marks and citation omitted)).

Ladd advances two other potential arguments in his Rule 51(b) response, both of which are frivolous. It is well established that a defendant's constitutional rights are not violated because the guidelines treat one gram of crack as equivalent to 100 grams of powder cocaine. *See, e.g.*, *United States v. Miller*, 450 F.3d 270, 275-76 (7th Cir. 2006). It likewise would be frivolous for him to challenge the fact

that he received a two-level upward adjustment under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm in connection with his drug offense; Ladd is a career offender, so his guidelines range was the same with or without the § 2D1.1(b)(1) adjustment.

Finally, Ladd's Rule 51(b) response is principally devoted to arguing that the attorney who represented him at trial and sentencing was ineffective because, in Ladd's view, counsel should have commissioned an independent chemical analysis on the crack, filed a motion to suppress the evidence police seized from the car he was driving, and called more witnesses and presented more evidence in his defense. He would be better served by raising this claim through a collateral attack. *See, e.g.*, *United States v. Parker*, 469 F.3d 1074, 1075 n.1 (7th Cir. 2006); *United States v. Davenport*, 986 F.2d 1047, 1050 (7th Cir. 1993) ("[A] defendant who presents an ineffective-assistance claim for the first time on direct appeal has little to gain and everything to lose.").

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.