**[Cite as *State v. Ashcraft*, 2021-Ohio-3897.]**

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2021-CA-0024 |
| RICHARD ASHCRAFT | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |


CHARACTER OF PROCEEDING: Criminal appeal from the Richlad County Court of Common Pleas, Case No. 2020-CR-0734

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: November 2, 2021

APPEARANCES:

For Plaintiff-Appellee

GARY BISHOP
Prosecutor
By: VICTORIA BALL-MUNSON
Assistant Prosecutor
38 South Park Street, #2
Mansfield, OH 44902

For Defendant-Appellant

ANDREW S. WICK
23 East High Street
Mt. Gilead, OH 43338

*Gwin, P.J.*

{¶1} Defendant-appellant Richard Ashcroft ["Ashcroft"] appeals his conviction and sentence after a jury trial in the Richland County Court of Common Pleas.

*Facts and Procedural History*

{¶2} Ashcroft has failed to file a transcript with this Court as required by App.R. 9. Accordingly, absent a complete transcript we are unable to review the facts underlying Ashcroft's jury trial and conviction. The record transmitted to this Court establishes the following facts.

{¶3} On December 7, 2020, the Richland County Grand Jury indicted the Richard Ashcraft on a two-count indictment for assault on a police officer as a felony of the fourth degree in violation of R.C. 2903.13(C)(5) and aggravated possession of drugs as a felony of the fifth degree in violation of R.C. 2925.11(C)(1)(A) as a result of an incident that occurred while the Ashcroft was attending the VOA program in Mansfield, Ohio.

{¶4} Jury trial in this matter was originally scheduled to commence on February 23, 2021, but was continued until March 23, 2021. Defense counsel filed a precipe for subpoenas for three persons: Josh Eaton, Residential Operations Manager; Nicole Chinn, Program Coordinator; and Dispatch and Communications on March 22, 2021. Defense counsel then filed a precipe for subpoena on Sgt. Patrick Williams on March 23, 2021. With the exception of Dispatch and Communications all subpoenas were returned undelivered due to no service on March 25, 2021 the last day of jury trial.

{¶5} Ashcraft was found guilty by the jury on both counts and sentenced by the court on March 26, 2021 to serve 18 months on the assault charge, 6 months on the aggravated possession of drugs offense consecutive to the 18 months on the assault

charge and then 900 days of PRC to be served consecutive to the previously ordered 24 months from counts one and two.

*Assignment of Error*

{¶6}    Ashcroft has raised one Assignment of Error,

{¶7}    "I. APPELLANT LACKED EFFECTIVE ASSISTANCE OF COUNSEL THROUGHOUT HIS COURT APPOINT COUNSEL'S REPRESENTATION AND TRIAL COMMENCING MARCH 23, 2021."

*Law and Analysis*

{¶8}    In his sole assignment of error, Ashcroft maintains that his trial counsel was ineffective because counsel failed to investigate or follow-up on an eyewitness and delayed in issuing subpoenas until the day before the first day of trial leading to the lack of witness testimony to refute the state's claims. Ashcroft argues the failure to issue timely subpoenas and investigate the presence of an eyewitness were not strategic decisions on counsel's part. [Appellant's Brief at 5].

**Standard of Appellate Review – Ineffective Assistance of Counsel**

{¶9}    To prevail on a Sixth Amendment claim alleging ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that his counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 694 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show deficiency, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." Id., at 688, 104 S.Ct. 2052.  And to establish prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." Id., at 694, 104 S.Ct. 2052. *Andtus v. Texas,* 590 U.S. __, 140 S.Ct. 1875, 1881 (June 15, 2020).

**Issue for Appellate Review:** *Whether there is a reasonable probability that, but for counsel's failure to timely file subpoenas and investigate potential eyewitness to the occurrence as set forth in Ashcraft's First Assignments of Error the result of the proceeding would have been different.*

{¶10} Ashcraft argues that his attorney should have found eyewitnesses to the event and filed subpoenas sooner in the case. However, as no transcript has been filed, we do not know the evidence that was presented to the jury. Nor can we discern what any purported eyewitness may have testified to at trial.

{¶11} Factual assertions appearing in a party's brief, but not in any papers submitted for consideration to the trial court below, do not constitute part of the official record on appeal, and an appellate court may not consider these assertions when deciding the merits of the case. *Akro-Plastics v. Drake Industries*, 115 Ohio App.3d 221, 226, 685 N.E.2d 246, 249(1996). In *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980), the Supreme Court of Ohio held the following: "[t]he duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St. 2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that '* * *the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted

from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted).

{¶12} Additionally, under App.R. 12(A)(2), an appellate court may "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based[.]" Ashcraft's brief on appeal fails to identify in the record the grounds for his claims of ineffective assistance of counsel.

{¶13} Generally, counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court." *State v. Treesh*, 90 Ohio St.3d 460, 490, 739 N.E.2d 749(2001); *State v. Hughbanks*, 99 Ohio St.3d 365, 2003-Ohio-4121, 792 N.E.2d 1081, ¶ 82. Moreover, "'[a]ttorneys need not pursue every conceivable avenue; they are entitled to be selective.'" *State v. Murphy*, 91 Ohio St.3d 516, 542, 747 N.E.2d 765(2001), *quoting United States v. Davenpo*rt 986 F.2d 1047, 1049(7th Cir. 1993).

{¶14} In the case at bar, Ashcroft's arguments additionally concern matters *de hors* the record in the form of conversations between himself and his trial counsel, his family's attempts to find private counsel, private counsel's representations and his family's conversations with trial counsel. [Appellant's Brief at 2]. Further, Ashcroft has failed to even identify the name of the alleged eyewitness that he wished to call at trial. [Appellant's Brief at 5].

{¶15} Ashcroft has failed to provide a complete transcript of the trial proceedings or identify in the record the grounds for his claims of error. Without a transcript of the jury trial and any hearings involving Ashcroft's claims he had difficulty with assigned counsel,

we cannot determine whether Ashcroft requested assigned counsel call any particular witness, or whether the expected substance of the testimony would have aided in his defense at trial. Ashcroft further has based many of his contentions that counsel was ineffective on matter outside the trial court record. There is simply nothing for us to review that substantiates any of the claims made in this appeal. Thus, we must presume the regularity of the proceedings and affirm. *Knapp v. Edwards* Lab., 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶16} Ashcroft has failed in his burden to demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

{¶17} Ashcroft's sole Assignment of Error is overruled.

{¶18} The judgment of the Richland County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, John, J.,

Delaney, J., concur