In the

# United States Court of Appeals

## For the Seventh Circuit

No. 07-2841

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

THOMAS E. WILLIAMS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 07 CR 21—**Barbara B. Crabb**, *Chief Judge.*

SUBMITTED MAY 27, 2008—DECIDED JANUARY 9, 2009

Before ROVNER, WILLIAMS, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Thomas Williams drove his Ford Explorer into a ditch running alongside Highway 21 in western Wisconsin. A portion of Highway 21 cuts through Fort McCoy, a military installation operated by the United States Army, and the accident occurred just outside the fort's main gate. Williams was attempting to drive his vehicle out of the ditch when he was approached by a military police officer from the fort. Un-

prompted, Williams told the officer, "Arrest me, I'm drunk."

Indeed he was. A later blood test revealed a blood-alcohol content of .22—far exceeding Williams's legal limit of .02 (this limit is based on his four prior convictions for operating a vehicle while intoxicated, *see* WIS. STAT. § 340.01(46m)(c)). Williams eventually pleaded guilty in federal court to one count of operating a motor vehicle on federal land while intoxicated in violation of section 346.63(1)(a) of the Wisconsin Statutes, as assimilated by 18 U.S.C. § 13. Because this was his fifth drunk-driving offense, he would have been subject to a minimum sentence of six months' incarceration and a maximum of three years' incarceration, and a minimum license revocation of two years and a maximum of three years under Wisconsin law. *See* WIS. STAT. §§ 346.65(2)(am)(5), 343.30(1q)(4), 973.01(2)(b)8.

Finding it necessary to protect the community from Williams and to reflect his serious criminal record, the district court sentenced him to 18 months in prison and a 3-year term of supervised release. The court also ordered Williams's driving privileges revoked for three years. Williams had no objection at the time but on appeal argues that the blanket revocation of his license was illegal and that the case should be remanded to the district court for resentencing.

The government concedes that a *total* license revocation extending beyond federal territory was outside the district court's power. The Assimilative Crimes Act, 18 U.S.C. § 13, supplements the federal criminal code by

adopting state criminal statutes to apply in federal enclaves. *United States v. Devenport*, 131 F.3d 604, 605-06 (7th Cir. 1997). Any person transgressing the assimilated laws "shall be guilty of a like offense and subject to a like punishment" as if the offense had been committed in the state itself. 18 U.S.C. § 13(a). Though under state law a conviction for operating a motor vehicle while under the influence of alcohol may result in revocation of a state driver's license, the Act provides that "[a]ny limitation on the right or privilege to operate a motor vehicle imposed under this subsection shall apply only to the special maritime and territorial jurisdiction of the United States." *Id.* § 13(b)(1).

But the district court's license-revocation order made no mention of being limited to federal enclaves. Because Williams did not raise this objection at sentencing, our review is for plain error. *United States v. Washington*, 417 F.3d 780, 788 (7th Cir. 2005); FED. R. CRIM. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). A plain error is a deviation from a legal rule that is clear or obvious. *United States v. Olano*, 507 U.S. 725, 732-34 (1993). Generally speaking, "the error must have been prejudicial" to have affected substantial rights. *Id.* at 734. Correction of such errors is purely discretionary and should be done only "'in those circumstances in which a miscarriage of justice would otherwise result.'" *Id.* at 735-36 (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).

The sentence Williams received prejudices him if the license revocation indeed applies beyond federal enclaves

and beyond what the district court had the power to order. And an illegally imposed sentence that prejudices the defendant constitutes a miscarriage of justice if allowed to stand. *United States v. Vincent*, 416 F.3d 593, 603 (7th Cir. 2005) (citing *United States v. White*, 406 F.3d 827, 836 (7th Cir. 2005)). The government argues, however, that the district court did not err in pronouncing its sentence because the lack of limiting language is no basis to presume that the court's order exceeded the limits placed on sentencing courts under the Act.

We are not so sure. Nothing in the record indicates that the district court understood its order to be limited to federal enclaves. On the contrary, the language of the judgment is broad and could reasonably be read to apply in nonfederal jurisdictions. Indeed, the court specified that its sentence was in addition to any previous revocation orders Williams might have received—orders that would have come from state court and would have applied beyond federal enclaves—suggesting this revocation was no different.

Any discretion we may once have had to simply amend the judgment to bring it into conformity with § 13(b)(1), *United States v. Mathis*, 579 F.2d 415, 420 (7th Cir. 1978), was cabined by The Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of Titles 18 & 28 U.S.C.). If we decide that the "sentence was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines," we must remand the case for resentencing. 18 U.S.C. § 3742(f)(1); *United States v. Scott,* 405 F.3d 615, 617 (7th Cir. 2005); *see also* 26 JAMES WM.

MOORE ET AL., MOORE'S FEDERAL PRACTICE § 635.04[3] (3d ed. 2008).

Accordingly, we VACATE Williams's sentence to the extent it revoked his driver's license for three years and REMAND the case to the district court for the limited purpose of correcting the judgment to reflect a license revocation that conforms to 18 U.S.C. § 13(b)(1).