In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 13-3875 & 13-3920

UNITED STATES OF AMERICA,

*Plaintiff-Appellant, Cross-Appellee*,

*v.*

JAMIE L. MOODY,

*Defendant-Appellee, Cross-Appellant*.

Appeals from the United States District Court
for the Eastern District of Wisconsin.
No. 2:13-cr-00134-JPS-1 — **J. P. Stadtmueller**, *Judge.*

SUBMITTED AUGUST 28, 2014[*] — DECIDED OCTOBER 21, 2014

Before WOOD, *Chief Judge,* and EASTERBROOK and RIPPLE, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Jamie Moody was convicted of possessing a firearm after a felony conviction. *See* 18 U.S.C. § 922(g)(1). Under the Armed Career Criminal Act ("ACCA"), *id.* § 924(e), he was subject to a fifteen-year statutory minimum

---

[*] After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. *See* Fed. R. App. P. 34(a)(2)(C).

sentence. The district court nevertheless imposed a twelve-year sentence, which is three years below the minimum required by law. The Government appealed (No. 13-3875). Mr. Moody filed a separate appeal (No. 13-3920) in which he claims that his guilty plea should be set aside. We vacate Mr. Moody's sentence and remand for resentencing before a different district judge. Further, because we agree with Mr. Moody's counsel that there are no nonfrivolous arguments for setting aside Mr. Moody's guilty plea, we dismiss that appeal.

## I

## BACKGROUND

In the summer of 2013, police in Milwaukee, Wisconsin, responded to a report of shots fired behind a residence. Nearby, the officers discovered Jamie Moody with a loaded pistol. Mr. Moody admitted that the gun was his. He later pleaded guilty to an information charging him with possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1).

The information and plea agreement recount that Mr. Moody previously had been convicted of three violent felonies: (1) a 1993 Florida conviction for armed burglary of a dwelling, (2) another Florida conviction a year later for robbing a motel with a firearm and (3) a 2005 Wisconsin conviction for robbing a bank in Milwaukee. The convictions, the parties agreed, brought Mr. Moody within the ACCA. *See* 18 U.S.C. § 924(e).

At Mr. Moody's change-of-plea hearing, the district court determined that the defendant understood the charge against

him and the consequences of pleading guilty. The court also confirmed that Mr. Moody was pleading guilty voluntarily. The court asked Mr. Moody whether he had read the plea agreement, understood it and discussed it with his lawyer. Mr. Moody responded that he had. The court then asked whether the factual basis for the plea contained in the plea agreement was accurate; Mr. Moody confirmed that it was. The court next asked, "Did anyone threaten you or coerce you in any way, or promise you anything in order to get you to sign this document?"[1] Mr. Moody replied no. Lastly, the judge asked about his appointed lawyer's performance: "Are there any other matters that you believe that she may not have been of assistance to you on?"[2] Mr. Moody again replied no. The court then accepted Mr. Moody's guilty plea and directed the probation officer to prepare a Presentence Investigation Report.

The probation officer agreed with the parties that Mr. Moody is subject to a fifteen-year statutory minimum sentence under the ACCA. *See* 18 U.S.C. § 924(e). If not for that mandatory penalty, Mr. Moody's guidelines imprisonment range under U.S.S.G. § 4B1.4 would have been 135 to 168 months, based on a total offense level of 30 and criminal history category of IV. Neither party objected to the presentence report, and the district court adopted it.

At sentencing, the Government—complying with the plea agreement—recommended a fifteen-year prison term. The

---

[1] R.40 at 9.

[2] *Id.* at 7–8.

district court declined to impose this statutory minimum, however, and instead imposed a twelve-year sentence. The court acknowledged that Mr. Moody's conviction in 1993 for armed burglary "technically scored as a violent felony"[3] but reasoned that using this conviction to enhance Mr. Moody's sentence would cause a "miscarriage of fundamental justice"[4] given the "nature of the offense [and] its age."[5]

## II

## DISCUSSION

The Government now appeals the district court's decision.[6] It submits that the district court lacked authority to impose a sentence lower than the fifteen years mandated by § 924(e). Mr. Moody's appointed counsel agrees with that assessment. Both parties ask that we order Mr. Moody's sentence be increased to fifteen years. In their view, this approach is preferable to a remand to the district court with instructions to make such a change. Mr. Moody, on the other hand, has filed a cross-appeal seeking to have his guilty plea set aside.

---

[3] R.21-2 at 1.

[4] R.22 at 13.

[5] R.21-2 at 1.

[6] *See* 18 U.S.C. § 3742(b).

## A.

We begin with the Government's appeal and conclude that Mr. Moody's sentence must be corrected. The district court appropriately accepted the parties' conclusion—confirmed by the unchallenged presentence report—that Mr. Moody's Florida conviction for the armed burglary of a dwelling is a violent felony under the ACCA.[7] The district court, therefore, had no authority to ignore the conviction because of its age or its underlying circumstances. Such considerations are irrelevant in determining predicate offenses under the Act.[8] Although the sentencing guidelines are discretionary, a district court may not disregard a minimum sentence required by statute.[9] Mr. Moody's twelve-year sentence is illegal, and it must be corrected.

We cannot accept, however, the parties' invitation that we make that correction ourselves. The Sentencing Reform Act of 1984 removed any discretion that we previously may have had to correct an illegal sentence and compels a remand to the

---

[7]  *See United States v. Aviles-Solarzano*, 623 F.3d 470, 474–76 (7th Cir. 2010); *United States v. Thornton*, 463 F.3d 693, 700–01 (7th Cir. 2006); *United States v. Davenport*, 986 F.2d 1047, 1048 (7th Cir. 1993).

[8]  *See Shepard v. United States*, 544 U.S. 13, 15–17 (2005); *United States v. Johnson*, 743 F.3d 1110, 1111 (7th Cir. 2014); *United States v. Nigg*, 667 F.3d 929, 937 (7th Cir. 2012); *United States v. Woods*, 576 F.3d 400, 404 (7th Cir. 2009).

[9]  *See United States v. Zuno*, 731 F.3d 718, 724 (7th Cir. 2013); *United States v. Brucker*, 646 F.3d 1012, 1016 (7th Cir. 2011); *United States v. Clark*, 538 F.3d 803, 809–10 (7th Cir. 2008).

district court for resentencing.[10] We therefore will vacate
Mr. Moody's sentence and remand with instructions to impose
a fifteen-year sentence in accordance with 18 U.S.C. § 924(e).

### B.

We now turn to Mr. Moody's appeal. Although Mr. Moody
filed a notice of appeal, his newly appointed counsel submits
that his appeal is frivolous and therefore moves to withdraw
under *Anders v. California*, 386 U.S. 738 (1967). Because the
analysis in counsel's brief appears to be thorough, we limit our
review to the subjects that counsel discusses as well as to the
matters that Mr. Moody raises in his response opposing
counsel's motion.[11]

Mr. Moody asks that we set aside his guilty plea. He
maintains that the lawyer representing him at his plea hearing
coerced him into pleading guilty by telling him that he would
spend the rest of his life in prison if he did not accept the deal
offered by the Government.

Noting that a plea is voluntary "when it is not induced by
threats or misrepresentations and the defendant is made aware

---

[10]  *See* 18 U.S.C. § 3742(f)(1); *United States v. Williams*, 552 F.3d 592, 594 (7th
Cir. 2009) (distinguishing *United States v. Mathis*, 579 F.2d 415, 420 (7th Cir.
1978), which the parties cite as authority for the proposition that we may
correct Mr. Moody's sentence); *United States v. Badger*, 925 F.2d 101, 106 (5th
Cir. 1991) (recognizing that § 3742(f)(1) requires remand).

[11]  *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v.
Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

of the direct consequences of the plea," and that there is a presumption that the defendant's testimony in a plea colloquy is truthful, *see United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995) (internal quotation marks omitted), present counsel examines the plea colloquy required by Rule 11 of the Federal Rules of Criminal Procedure. Counsel notes that the district court complied with almost every requirement of Rule 11. The court explained the nature of the charge and some of the potential penalties that a conviction entailed, including the minimum prison term, the maximum term of supervised release as well as the maximum fine and the special assessment. Having informed Mr. Moody of the possibility of a perjury prosecution if he did not tell the truth, the court found that the plea was knowing and voluntary and that there was a factual basis for the plea. The court also discussed the plea agreement with Mr. Moody.

Counsel, nonetheless, acknowledges that there were several omissions from the court's Rule 11 inquiry. The court neglected to inform Mr. Moody that, as an armed career criminal, he faced up to a life sentence under the statute. Rule 11(b)(1)(H) requires the disclosure of the maximum term permitted by statute. Counsel goes on to explain, however, that this omission could not constitute plain error because Mr. Moody received a sentence no higher than the statutory minimum and he had been informed that he faced a sentence of that length. Moreover, the plea agreement, which Mr. Moody signed, had reviewed the maximum penalty.

Counsel further notes that the district court did not explain the application of the Sentencing Guidelines nor the pertinent factors employed in sentencing under 18 U.S.C. § 3553(a). Here

again, counsel notes, this omission cannot constitute plain error because Mr. Moody received the minimum sentence and acknowledged the sentencing process in his plea agreement.[12]

We agree with present counsel's assessment of this argument. Mr. Moody did not seek to withdraw his guilty plea in the district court, and it would be frivolous to argue that the court plainly erred by accepting his plea. During the plea colloquy the district judge asked Mr. Moody if anyone had threatened or coerced him or made additional promises so that he would accept the plea agreement; Mr. Moody replied no. There is no reason to disbelieve Mr. Moody's sworn statements and, thus, no reason to disturb his guilty plea. *See Messino*, 55 F.3d at 1248–49; *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010).

Mr. Moody also contends that previous counsel was ineffective on numerous grounds, but that claim should be pursued in a collateral proceeding under 28 U.S.C. § 2255.[13]

---

[12]   We agree with counsel that the district court's failure to mention restitution and forfeiture were harmless because neither was contemplated.

[13]   *See Massaro v. United States*, 538 U.S. 500, 505 (2003) ("Under the rule we adopt today, ineffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial."); *United States v. Bryant*, 754 F.3d 443, 444 (7th Cir. 2014) ("A claim of ineffective assistance need not, and usually as a matter of prudence should not, be raised in a direct appeal, where evidence bearing on the claim cannot be presented and the claim is therefore likely to fail even if meritorious."); *United States v. Jones*, 696 F.3d 695, 702 (7th Cir. 2012) ("As is our practice, we decline to consider the ineffective assistance of counsel

(continued...)

Finally, present counsel examines, at some length, whether there are any infirmities in Mr. Moody's sentence and concludes that there are none. We agree that Mr. Moody was properly designated as an armed career criminal and that there are no nonfrivolous arguments that could lead to a lower sentence.

## Conclusion

Accordingly, in appeal number 13-3875 we vacate Jamie Moody's sentence and remand for resentencing in conformity with 18 U.S.C. § 924(e). Circuit Rule 36 shall apply on remand. We also grant appointed counsel's motion to withdraw and dismiss appeal number 13-3920.

APPEAL 13-3875 SENTENCE VACATED;
CASE REMANDED

APPEAL 13-3920 DISMISSED

---

[13] (...continued)
claims on direct appeal since determination of such claims requires evidence that is outside the trial record."); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005) (cautioning defendants not to bring ineffective assistance of counsel claims on direct appeal).