NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2015
Decided January 23, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-2564

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 12-CR-10115 |
| WILLIAM M. WATTS, *Defendant-Appellant*. | James E. Shadid, *Chief Judge*. |

**O R D E R**

For more than a year, William Watts and several other men purchased powder cocaine, converted it to crack, and sold it in the Bloomington-Normal area of central Illinois. He pleaded guilty to a conspiracy involving at least 280 grams of crack cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). As part of a plea agreement, Watts stipulated that he would face a statutory minimum of 20 years' imprisonment because of the drug quantity and a prior conviction for a felony drug offense (Watts waived the required filing of a sentencing enhancement information under 21 U.S.C. § 851(a)). *See* 21 U.S.C. § 841(b)(1)(A)(iii). Watts also waived his right to appeal as part of the plea agreement. At sentencing Watts told the district court that he wanted to withdraw his guilty plea because he didn't think that crack is a controlled substance and also because he suspected that the government misled him into thinking that two of his coconspirators

had agreed to cooperate against him. The district court listened to these pro se contentions and then proceeded to impose a 20-year term after noting that a motion to withdraw the plea had not been filed.

Watts filed a notice of appeal, but his appointed lawyer has moved to withdraw because she cannot identify a nonfrivolous argument to pursue. *See Anders v. California*, 386 U.S. 738, 744 (1967). Watts opposes counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses issues which an appeal of this kind might be expected to involve. We thus limit our review to the subjects the lawyer discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel recognizes that this appeal is foreclosed unless Watts can undermine his guilty plea, since an appeal waiver stands or falls with the plea. *See United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011). During the plea colloquy the district court substantially complied with Federal Rule of Criminal Procedure 11(b), which typically is enough to shield a guilty plea from challenge on direct appeal. *See United States v. Moody*, 770 F.3d 577, 581 (7th Cir. 2014); *United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997). Even so, Watts asserts in his Rule 51(b) response that the district court abused its discretion by not allowing him to withdraw his guilty plea at sentencing. That contention is frivolous, not only because—as the district court observed—counsel had not filed a motion seeking leave for Watts to withdraw his guilty plea, but also because the reasons that Watts gave in open court could not have justified that relief.

First, the suggestion that Watts was duped into wrongly believing that crack cocaine is a controlled substance is preposterous; crack cocaine, a form of cocaine base, *is* a controlled substance. *See* 21 C.F.R. § 1308.12(b)(4); *DePierre v. United States*, 131 S.Ct. 2225, 2237 (2011) ("'[C]ocaine base' as used in § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically basic form."); *United States v. Kelly*, 519 F.3d 355, 359 (7th Cir. 2008) (explaining that crack is cocaine base and Schedule II substance).

Second, it matters not whether the coconspirators who Watts believed to be cooperating with the government really intended to testify against him; a defendant has no right to know the identity of the government's witnesses before trial, and neither will a defendant's ignorance about the strength of the government's evidence prevent him from entering a voluntary guilty plea that's supported by an adequate factual basis.

*See United States v. Ruiz*, 536 U.S. 622, 629–30 (2002); *United States v. Bryant*, 557 F.3d 489, 496 (7th Cir. 2009); *United States v. Underwood*, 174 F3d 850, 853–54 (7th Cir. 1999).

Third, to the extent that Watts in his Rule 51(b) response now accuses his lawyer of coercing his guilty plea, that contention was never made in the district court and thus lacks support in the appellate record. To the contrary, during the plea colloquy Watts stated unequivocally that no one had induced his guilty plea through undisclosed promises or threats, and this assurance is presumed to be truthful. *See United States v. Kilcrease*, 665 F.3d 924, 928–29 (7th Cir. 2012); *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2002). As with most claims of ineffective assistance of counsel, this one is best left for collateral review where an evidentiary foundation can be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 t F.3d 543, 557–58 (7th Cir. 2005).

And, finally, Watts cannot plausibly suggest that the government breached the plea agreement by not filing a § 851 enhancement information listing a single felony drug conviction. The government earlier had filed a § 851 information listing two such convictions (which would have mandated a life sentence, *see* 21 U.S.C. § 841(b)(1)(A)(iii)), but in the plea agreement the government promised to delete one of those convictions (and thus lower the statutory minimum to 20 years). The government neglected to file the information until after Watts was sentenced, but neither was a revised information necessary because Watts had waived this formality as part of the plea agreement. *See United States v. Mooring,* 287 F.3d 725, 728 (8th Cir. 2002) (holding that defendant can waive compliance with procedural requirements of § 851); *United States v. Dodson,* 288 F.3d 153, 160 (5th Cir. 2002) (same). The important point is that the parties and the district court proceeded with the plea colloquy *as if* a new information had been filed; Watts was correctly advised that he faced a 20-year minimum sentence, not a mandatory life sentence.

Thus, we GRANT counsel's motion to withdraw and DISMISS the appeal.