NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2016
Decided March 30, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-2470

| | |
|---|---|
| UNITED STATES OF AMERICA | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Illinois. |
| *v.* | No. 13-CR-30174-MJR |
| LEROY LUCAS, | Michael J. Reagan, |
| *Defendant-Appellant.* | *Chief Judge.* |

**O R D E R**

Leroy Lucas pleaded guilty to distributing cocaine, *see* 21 U.S.C. § 841(a)(1), and was sentenced below his calculated guidelines range to 120 months' imprisonment followed by 36 months' supervised release. He filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Lucas opposes the motion. *See* 7TH CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our discussion to the issues identified in that brief and in Lucas's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Lucas has told counsel that he wants to challenge his guilty plea, so counsel first evaluates the possibility of contesting the adequacy of the plea colloquy. Because Lucas did not move to withdraw his plea in the district court, our review would be for plain error. *See United States v. Vonn*, 535 U.S. 55, 59, 62–63 (2002); *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). Counsel properly concludes that any challenge to the plea would be frivolous. The transcript of the plea colloquy shows that the district court complied with Rule 11 of the Federal Rules of Criminal Procedure. *See United States v. Moody*, 770 F.3d 577, 581 (7th Cir. 2014); *United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003). The court advised Lucas of his constitutional rights, the charges against him, the maximum penalties, and also found that Lucas's plea was voluntary, knowing, and supported by an adequate factual basis. *See* FED. R. CRIM. P. 11(b).

Relatedly, counsel considers Lucas's argument that his plea was involuntary because of the variance between the allegations in the indictment (charging him with distributing "cocaine base, in the form known as 'crack cocaine'") and the basis of his conviction (distribution of powder cocaine). Lucas in his Rule 51(b) response characterizes the variance as a "constructive amendment" to the indictment.

But as counsel explains, such an argument would be frivolous. A constructive amendment occurs when the defendant is convicted of a crime that is different than the one charged. *See United States v. Ajayi*, 808 F.3d 1113, 1125 (7th Cir. 2015); *United States v. Ratliff–White*, 493 F.3d 812, 820 (7th Cir. 2007). Not every variance from the terms of an indictment qualifies as a constructive amendment. Counsel explains that Lucas was not convicted of a crime different than that charged in the indictment. Both the indictment and conviction were under § 841(a)(1), which prohibits distribution of *any* controlled substance regardless of type; drug identity is not an element of the offense. *See United States v. Dowdell*, 595 F.3d 50, 68 (1st Cir. 2010); *United States v. Rutherford*, 175 F.3d 899, 906 (11th Cir. 1999). Under the statute Lucas would be culpable for distribution of cocaine base as he would be for distribution of powder cocaine.

Even if we were to find a constructive amendment or variance, a challenge to Lucas's conviction would be frivolous. We would find no plain error given that the district court complied with Rule 11 and Lucas had sufficient information to knowingly

and voluntarily plead guilty to distributing powder cocaine.[1] *See United States v. Tello*, 687 F.3d 785, 797 (7th Cir. 2012); *United States v. Pierce*, 893 F.2d 669, 676 (5th Cir. 1990).

Counsel also considers whether Lucas could challenge the calculation of his imprisonment range and specifically his designation as a career offender given that he was merely a low-level street dealer. *See* U.S.S.G. § 4B1.1(a). But as counsel notes, Lucas was properly deemed a career offender based on his prior convictions in 2007 and 2008 for delivery of a controlled substance.

Counsel next considers whether Lucas could argue that the 120-month prison term is unreasonable. The 120-month term is below the guidelines range of 151 to 188 months and thus presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Long*, 748 F.3d 322, 332 (7th Cir. 2014). Counsel has not identified any reason to set aside that presumption, nor can we. The district court weighed the sentencing factors in 18 U.S.C. § 3553(a), including Lucas's criminal history, difficult childhood, and health issues, *see id.* § 3553(a)(1), as well as the harsh application of the career-offender guideline to Lucas's conviction, *see id.* § 3553(a)(2).

Counsel concludes that Lucas had advance notice of the conditions of supervised release and elected not to challenge them, nor has he expressed any interest in challenging them on appeal. If Lucas later perceives these conditions to be problematic after he begins serving the term of supervised release, he would be free to seek modification to the extent authorized by 18 U.S.C. § 3583(e)(2). *United States v. Neal*, 810 F.3d 512, 516–20 (7th Cir. 2016).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.

---

[1] In addition, even though it was eventually withdrawn, the plea agreement alerted Lucas to the precise nature of the offense: "The Indictment charges the Defendant with Distribution of Cocaine Base under Title 21 U.S.C. § 841(A)(1) and (B)(1)(C), however, the Defendant is pleading guilty to Distribution of Cocaine under Title 21 U.S.C. § 841(A)(1) and (B)(1)(C)." And during his change-of-plea colloquy with the court, Lucas confirmed that the facts in the plea agreement were accurate and that the government could prove beyond a reasonable doubt that he distributed cocaine.