**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 27, 2016
Decided November 17, 2016

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 15-3391

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Southern District |
| | of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:14CR00214-001 |
| MARK BROOM, JR., | |
| *Defendant-Appellant.* | Sarah Evans Barker, |
| | *Judge.* |

**O R D E R**

An Indianapolis police officer stopped Mark Broom, then 66, after he threw a cigarette butt out the window of his truck. Mr. Broom, a felon with an extensive criminal history, was arrested after the officer learned that he had hidden a loaded handgun in his pants and a small amount of marijuana in a sock. A drug-sniffing dog alerted to Mr. Broom's truck, which had California license plates, and police found a hidden compartment in the undercarriage, though it was empty. Mr. Broom admitted traveling back and forth between California and Indiana several times over the previous few months but said that he was unaware of the hidden compartment. He also said that

the gun had been left in his truck accidentally by Heather Showalter, the buyer of the weapon.

Authorities then charged Mr. Broom with possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). In their plea agreement the parties correctly anticipated that the district court would calculate a guidelines imprisonment range of 12 to 18 months but left each other free to advocate a sentence outside that range. A probation officer completed a presentence investigation report, which included statements from Ms. Showalter's boyfriend, Gerry Decker. Mr. Decker told the probation officer he suspected that Mr. Broom had been trafficking methamphetamine from California to Indiana. In fact, Mr. Decker admitted, he had bought methamphetamine from Mr. Broom earlier on the day of his arrest. The probation officer suspected that Mr. Broom did not innocently find the gun in his truck but instead had convinced Ms. Showalter to make an illegal "straw purchase," noting that a security video from the gun dealer shows Mr. Broom in the store with Ms. Showalter. She later pleaded guilty to making a false statement in connection with the acquisition of a firearm, *see id.* § 922(a)(6). At Mr. Broom's sentencing the government argued for a prison sentence above the guidelines range, while defense counsel proposed a term of 16 months, the length of time that Mr. Broom had been in pretrial detention. The district court settled on 60 months, relying on the presentence investigation report and explaining that the guidelines range understates Mr. Broom's violent criminal history.

Mr. Broom filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Mr. Broom opposes counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects counsel discusses, plus the additional issue that Mr. Broom, disagreeing with counsel, believes has merit. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Mr. Broom could challenge the voluntariness of his guilty plea. Counsel acknowledges that Mr. Broom has told his lawyer he does not wish to contest his guilty plea, and ordinarily it would not be appropriate for a lawyer submitting an *Anders* brief to discuss possible challenges to a guilty plea that the defendant does not wish to contest. *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Counsel informs us,

however, that Mr. Broom has made "incongruous statements," suggesting that he actually does want to challenge the plea. Yet Mr. Broom clarifies in his Rule 51(b) response that he is satisfied with his guilty plea and instead believes that the government breached the plea agreement by recommending a prison sentence above the guidelines range. If Mr. Broom is correct, his remedy likely would be specific performance rather than rescission. *See United States v. Navarro*, 817 F.3d 494, 502 (7th Cir. 2016) (remanding for resentencing because government breached promise to recommend prison sentence only within guidelines range); *United States v. Diaz-Jimenez*, 622 F.3d 692, 694 (7th Cir. 2010) ("A breach is actionable, and a minimum remedy is specific performance …."). Thus, counsel appears to misunderstand her client's position about contesting his guilty plea; Mr. Broom actually articulates a potential argument for upholding that plea.

But even if Mr. Broom had wanted his guilty plea set aside, counsel correctly concludes that an appellate claim challenging the plea would be frivolous. A plea colloquy will suffice to ensure that a guilty plea is knowing and voluntary as long as the district court substantially complies with the provisions in Federal Rule of Criminal Procedure 11. *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *Konczak*, 683 F.3d at 349; *United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003). Counsel identifies several potential deficiencies with the plea colloquy but concludes that the district court complied with its obligations under this standard. Most of the admonishments that counsel says the district court missed during the plea colloquy—e.g., that Mr. Broom could not be compelled to incriminate himself but could face a perjury charge if he made false statements under oath, *see* FED. R. CRIM. P. 11(b)(1)(A), that he could be represented by counsel, *see id.* 11(b)(1)(D), and that restitution sometimes can be ordered in criminal cases, *see id.* 11(b)(1)(K)—are not problematic in this case. *See, e.g., United States v. Stoller*, 827 F.3d 591, 597–98 (7th Cir. 2016) (concluding that neglecting to mention potential for perjury charge and right to counsel at trial was harmless because perjury charge was not pending or anticipated and defendant knew he had right to counsel); *United States v. Moody*, 770 F.3d 577, 581 n.12 (7th Cir. 2014) (noting that omitting admonishment of court's authority to order restitution was inconsequential because restitution was not contemplated).

Notably, though, the district court did not inform Mr. Broom that he could receive a sentence outside the guidelines range. *See* FED. R. CRIM. P. 11(b)(1)(M). But the plea agreement—which Mr. Broom assured the district court multiple times that he had read and fully understood—is explicit that the court would evaluate the guidelines calculations and the factors in 18 U.S.C. § 3553(a) before imposing a sentence, which

could be outside the guidelines range. The agreement also clarifies that the court would not be bound by the parties' sentencing recommendations or applications of the guidelines. *See United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001) (concluding that omissions from plea colloquy were harmless because most details were in written plea agreement). Thus it would be frivolous for Mr. Broom to assert that he was unaware of the district court's authority to impose a sentence above the guidelines range.

An appellate claim about the *validity* of Mr. Broom's guilty plea thus would be frivolous, but that still leaves Mr. Broom's contention that the government breached the plea agreement—a contention that also would be frivolous. In his Rule 51(b) response, Mr. Broom asserts that the government agreed to recommend a sentence no greater than 16 months and thus breached the plea agreement by recommending a sentence above the guidelines range. *See Navarro*, 817 F.3d at 499–500 (vacating and remanding sentence where government breached agreement not to recommend sentence above guidelines range). Although the plea agreement identifies a probable guidelines range of 12 to 18 months, it also specifies that the government could request any sentence it wished, "including one above the advisory guidelines range." R.69 at 4 (Plea Agreement). The agreement explicitly encompasses the complete understanding between the parties, and thus Mr. Broom's proposed argument is flatly refuted by the very agreement that he says was breached.

All that could remain are potential issues with the procedural and substantive reasonableness of Mr. Broom's sentence.[1] We will uphold a sentence if the district court followed the appropriate procedures—including properly calculating the guidelines range, considering that range and the other factors under 18 U.S.C. § 3553(a), and adequately explaining the chosen sentence—and if the district court did not abuse its discretion in selecting the sentence. *United States v. Jackson*, 547 F.3d 786, 792 (7th Cir. 2008). While it is true that the justification for a variance must be more compelling as the degree of variance from the guidelines range increases, *United States v. Lockwood*, 789 F.3d 773, 781–82 (7th Cir. 2015) (*Lockwood I*); *United States v. Snyder*, 635 F.3d 956, 961 (7th Cir. 2011), we will accept a district court's explanation if it is sufficient "to allow for meaningful appellate review," *Gall v. United States*, 552 U.S. 38, 50 (2007); *see United States v. Carter*, 538 F.3d 784, 789 (7th Cir. 2008).

---

[1] The plea agreement includes a term waiving Mr. Broom's right to appeal a sentence falling within a guidelines range of 12 to 18 months, but the 60-month term imposed by the court makes that provision inapplicable.

In this case the district court sentenced Mr. Broom well above the calculated guidelines range, but the sentencing transcript shows that the court adequately explained its reasons for doing so and grounded its decision in the factors from § 3553(a). The court explained that Mr. Broom's criminal history category understates the seriousness of his criminal history, referring to the fact that the majority of Mr. Broom's prior convictions were not counted in calculating his criminal history score. *See* U.S.S.G. § 4A1.3(a)(1) (endorsing sentence above guidelines range if defendant's criminal history category underrepresents actual criminal history); *United States v. Lockwood*, No. 15-3856, 2016 WL 6436848, *4 (7th Cir. Nov. 1, 2016) (*Lockwood II*) (upholding above-guidelines sentence as reasonable based on underrepresentation of defendant's criminal history in guidelines calculation); *Jackson*, 547 F.3d at 793–94 (same). Mr. Broom's criminal history category was based on only two misdemeanor convictions, one for driving with a suspended license and the other for assault. But Mr. Broom has numerous other convictions that because of their age did not count toward his criminal history score. *See* U.S.S.G. § 4A1.2(e). The list includes convictions for manslaughter (he killed his wife) and three convictions for robbery, two of them while armed. As the district court noted, Mr. Broom's crimes spanned more than 40 years, with the only significant gap between offenses being the 18 years he served for the manslaughter conviction. The district judge acted within its discretion in determining that Mr. Broom's prior convictions were quite serious and in weighing that consideration heavily in its evaluation of the sentencing factors listed in § 3553(a). The sentence imposed, significantly above the calculated guidelines range, is reasonable. *See United States v. Warner*, 792 F.3d 847 (7th Cir. 2015) ("District courts enjoy broad discretion to fashion an appropriate, individualized sentence in light of the factors in 18 U.S.C. § 3553(a)."). The court did not find any circumstance mitigating Mr. Broom's criminal history and was on solid ground in disbelieving Mr. Broom's account of how he came into possession of the gun.

Given the court's adequate consideration throughout the proceedings of all the relevant facts and its reasoned basis for imposing an above-guidelines sentence, we conclude that a challenge to the sentence's procedural or substantive reasonableness would be frivolous. Accordingly, Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.

IT IS SO ORDERED