**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 16, 2018
Decided January 22, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-4049

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:14-CR-00034 |
| DECARLOS FRAZIER, *Defendant-Appellant*. | **Joseph S. Van Bokkelen**, *Judge*. |

## O R D E R

A jury found Decarlos Frazier guilty of illegally possessing a firearm, 18 U.S.C. § 922(g)(1). Because of his three prior convictions in Illinois for robbery, aggravated robbery, and armed robbery, 720 ILCS 5/18-1(a), (b); 720 ILCS 5/18-2, the district court sentenced him to 15 years' imprisonment, the mandatory minimum under the Armed Career Criminal Act (ACCA), 18 U.S.C § 924(e)(1). Frazier appeals, and his counsel moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Frazier opposes the motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and considers issues that an appeal of this kind might be expected to involve. Because the analysis in

the brief appears to be thorough, we limit our review to the subjects counsel discusses and the arguments in Frazier's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers challenging the sufficiency of the evidence. This argument would present a high hurdle, which requires a showing that, when the record is viewed in the light most favorable to the government, there is no evidence from which a jury could find the essential elements of the crime beyond a reasonable doubt. *See United States v. Sewell*, 780 F.3d 839, 847 (7th Cir. 2015). To convict Frazier under § 922(g)(1), the government needed to prove only that Frazier had possessed a firearm (Frazier stipulated to the other elements). *See Sewell*, 780 F.3d at 847. At trial Officer Miguel Pena testified that he had seen Frazier hide a revolver that police later recovered. We agree with counsel that it would be frivolous to contest the jury's assessment of Pena's credibility. *See id.*

Counsel next considers two issues—the adequacy of the jury instructions and Frazier's status as an armed career criminal under the ACCA—that counsel believes were waived in the district court and thus would be frivolous to raise on appeal. We will find an argument waived "if a party *knowingly* decided not to raise an argument as opposed to negligently failed to raise it." *United States v. Waldrip*, 859 F.3d 446, 449 (7th Cir. 2017). Frazier and the government agreed before trial to a set of jury instructions that the district court adopted. Before charging the jury, the judge confirmed with Frazier's attorney that he was not seeking additional instructions and then verified with Frazier directly that he had no objections to the instructions.

Similarly, though Frazier initially had objected to the proposition that he was subject to a sentencing enhancement under § 924(e), in his sentencing memorandum he later conceded that he "appeared to be an armed career criminal based on his convictions." At the sentencing hearing, the judge confirmed with both Frazier and his counsel that Frazier intended to withdraw the objection. Frazier said, "yes, I agree" when asked about the withdrawal. Because these intentional waivers preclude judicial review "by extinguishing the error," *United States v. Burns*, 843 F.3d 679, 685 (7th Cir. 2016), we agree that it would be frivolous to pursue either argument on appeal.

Frazier contends in his response that he may seek plain-error review of his armed-career-criminal status, despite the waiver. But plain-error review applies only to arguments that have been negligently forfeited, not those that have been intentionally waived. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (noting that, for

plain-error review, "[f]irst, there must be an error that has not been intentionally relinquished or abandoned"); *United States v. Butler*, 777 F.3d 382, 386–87 (7th Cir. 2015). And given that Frazier withdrew his objection to being sentenced as an armed career criminal, it would also be frivolous to contest the mandatory-minimum, 15-year sentence that resulted. *See United States v. Moody*, 770 F.3d 577, 580 (7th Cir. 2014) ("[A] district court may not disregard a minimum sentence required by statute.").

We note that we rejected the argument Frazier proposes making—that the Illinois robbery statute does not categorically define a violent felony for ACCA purposes—in *United States v. Dickerson*, 901 F.2d 579, 584 (7th Cir. 1990), and have so far rejected one attempt, like Frazier's, to persuade us to overrule that precedent, *see Van Sach v. United States*, No. 17-1824, 2017 WL 4842617, at *1 (7th Cir. Sept. 1, 2017) (nonprecedential decision); *see also United States v. Chagoya-Morales*, 859 F.3d 411, 422 (7th Cir. 2017) (concluding Illinois aggravated robbery is a crime of violence under U.S.S.G. § 2L1.2). We are aware of other pending cases that present the issue of whether *Dickerson* should be revisited in light of *Curtis Johnson v. United States*, 559 U.S. 133 (2010), and we express no opinion on their potential merit. The same argument would have been available to Frazier were it not for his waiver, but as it stands, we need not decide if counsel should be compelled to raise the argument that applicable precedent should be overruled.

Finally, counsel rightly concludes that any possible ineffective assistance of counsel claim (Frazier says the withdrawal of the objection to the ACCA enhancement was a mistake) is best saved for collateral attack so that Frazier may develop a more thorough evidentiary record. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014).

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.