NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 14, 2018
Decided February 22, 2018

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1157

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:12CR00098-001 |
| WILLIAM BOSWELL, *Defendant-Appellant*. | William T. Lawrence, *Judge*. |

**O R D E R**

William Boswell was convicted of possessing a firearm as a felon, 18 U.S.C. § 924(g)(1), and sentenced under the Armed Career Criminal Act, *id*. § 924(e). He filed a notice of appeal from his resentencing, which was ordered after *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), invalidated the residual clause of the Act and held the invalidation retroactive. His attorney moved to withdraw on the ground that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Boswell has not responded to counsel's motion. *See* 7TH CIR. R. 51(b). Counsel submitted a brief explaining the nature of the case and addressing issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears thorough, we limit our review to the subjects that counsel discusses. *See United*

*States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

We begin by describing the history of Boswell's sentencing. At his original sentencing, the district judge deemed Boswell an armed career criminal based on three prior felony convictions—one in Indiana for Class C felony battery and two in Florida for aggravated battery. He imposed a 235-month prison term, which we affirmed along with Boswell's conviction in *United States v. Boswell*, 772 F.3d 469, 471 (7th Cir. 2014). After the Supreme Court decided *Johnson* and *Welch*, Boswell moved to vacate his sentence under 28 U.S.C. § 2255. The parties stipulated that resentencing was warranted because they believed that Boswell's three convictions qualified as violent felonies under only the invalidated residual clause. The judge vacated the original sentence based on the parties' stipulation.

Before resentencing the government changed its position. It argued that all three of Boswell's convictions constituted violent felonies under the Act's elements clause, § 924(e)(2)(B)(i). That clause applies to felonies that include "as an element the use, attempted use, or threatened use of physical force against the person of another." At resentencing Boswell contended that his Indiana conviction did not meet this definition; he raised no argument about his two Florida convictions. Siding with the government, the judge concluded that Boswell remained an armed career criminal and resentenced him to 211 months followed by 5 years of supervised release. The judge also ordered him to pay a fine and special assessment.

Counsel first considers, and correctly rejects as frivolous, an argument that the judge erred by ruling that Boswell has three violent felonies under the Act. We begin with the Indiana conviction and look to the definition of Class C felony battery that applied at the time of Boswell's conviction, IND. CODE § 35-42-2-1(a)(3) (effective July 1, 2007 to June 30, 2008). Because the Indiana statute required a touching that either caused "serious bodily injury" or was "committed by means of a deadly weapon," Boswell's Indiana conviction for Class C felony battery qualifies as a violent felony under the elements clause of § 924(e)(2)(B)(i). *See Douglas v. United States*, 858 F.3d 1069, 1071 (7th Cir. 2017) (reasoning that an act that actually causes "serious bodily injury" must have entailed physical force within the meaning of the elements clause); *see also United States v. Taylor*, 630 F.3d 629, 635 (7th Cir. 2010) (deciding that battery with a deadly weapon qualifies as a violent felony under the elements clause).

We reach the same conclusion regarding Boswell's two Florida convictions for aggravated battery under § 784.045(1)(a)1 of the Florida Statutes. Because in the district court Boswell did not dispute that these convictions were for violent felonies, we would review a challenge only for plain error, *United States v. Butler*, 777 F.3d 382, 387–88 (7th Cir. 2015), but such a challenge would be frivolous. Section 784.045(1)(a)1 requires "great bodily harm, permanent disability, or disfigurement," all of which entail physical force for purposes of the elements clause, i.e., "force capable of causing physical pain or injury to another person." *See Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010). Two other circuits already confirmed that aggravated battery in Florida is a violent felony under the elements clause. *See Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1341 (11th Cir. 2013); *United States v. Dominguez*, 479 F.3d 345, 349 (5th Cir. 2007). Thus we see no potential argument for plain error.

Boswell's attorney also considers whether the judge should have "held [the government] to the stipulation" that Boswell was not an armed career criminal. The attorney correctly concludes this contention would be frivolous. Judges are not bound by stipulations on legal questions. *United States v. Lisk*, 522 F.2d 228, 231 n.8 (7th Cir. 1975); *see also United States v. Barnes*, 602 F.3d 790, 796 (7th Cir. 2010) ("A stipulation is a contract between two parties to agree that a certain fact is true. … A contract between the prosecutor and the defendant cannot bind a third party—the district court judge … ."). Rather judges must independently consider whether a statute requires a certain sentence. *See* 18 U.S.C. § 3553(a)(3); *United States v. Siegel*, 753 F.3d 705, 714 (7th Cir. 2014); *United States v. Moody*, 770 F.3d 577, 580 (7th Cir. 2014). The judge did exactly this by revisiting the issue of Boswell's status as an armed career criminal. Nor did the law-of-the-case doctrine require the judge to abide by the stipulation. That doctrine governs issues of law decided by judges. *See Pepper v. United States*, 562 U.S. 476, 506 (2011). Because Boswell's armed-career-criminal status was tentatively agreed upon by the *parties*, not the judge, no prior ruling governed Boswell's status at resentencing.

Counsel next questions whether the judge misapplied the Sentencing Guidelines. But counsel cannot identify any possible error; nor can we. The judge correctly calculated a Guidelines imprisonment range of 235 to 293 months based on a total offense level of 33 and a criminal history category of VI. Boswell's total offense level reflected his status as an armed career criminal. *See* U.S.S.G. § 4B1.4(a), (b)(3)(B). And his criminal history category of VI was the result of a correct calculation of 17 criminal history points. *Id.* § 4B1.4(c)(1). Two of those points were assessed because Boswell was

on probation at the time of his arrest, *id.* § 4A1.1(d), and the others resulted from his qualifying convictions under § 4A1.1(a).

Lastly, the attorney has considered whether he could contend that Boswell's sentence is substantively unreasonable, but he has rightly concluded this argument would be pointless. Boswell's below-Guidelines prison term and within-Guidelines period of supervised release are presumed reasonable. *See United States v. White*, 868 F.3d 598, 603 (7th Cir. 2017); *United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014).

Counsel has not identified any reason to rebut those presumptions; nor have we. At resentencing the judge assessed Boswell's arguments in mitigation and properly evaluated the sentencing factors in 18 U.S.C. § 3553(a). Boswell argued that a prison term of 180 months was "sufficient" based on his harsh childhood and good conduct in prison. As to good conduct, Boswell pointed to several factors: he had worked to pay his special assessment and some of his fine, taken prison classes, and received only one conduct report early in his term. The judge mentioned these aspects of Boswell's personal history, acknowledging that he lacked childhood role models and "maybe" had "turned around to some degree" in prison. The judge credited him for working to pay his sentencing obligations; for taking classes in anger management, personal development, and drug education; and for his lack of recent conduct reports. Nonetheless, the judge adequately justified a 211-month term (which was 24 months less than the original sentence) by saying Boswell had "show[n] little or no respect for the law" before his incarceration. In particular, at trial Boswell had lied about possessing the gun for which he was convicted, despite "overwhelming evidence" of his crime. The judge's balancing of these factors is reasonable, so it would be frivolous to ask us to substitute a different judgment if this case were to be argued on the merits. *United States v. Warner*, 792 F.3d 847, 856 (7th Cir. 2015),

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.