**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2018
Decided December 7, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-1333

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:16CR47-003 |
| SAMUEL J. GEMPLE,<br>  *Defendant-Appellant*. | Theresa L. Springmann,<br>*Chief Judge*. |

**O R D E R**

Samuel Gemple pleaded guilty to conspiring to distribute 100 kilograms or more of marijuana and to possess it with the intent to distribute. *See* 21 U.S.C. § 846. The district court sentenced him to the statutory minimum of ten years' imprisonment and eight years' supervised release. *See* 21 U.S.C. § 841. Although his plea agreement contained a broad appeal waiver, Gemple filed a notice of appeal. His appointed counsel asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Gemple responded to counsel's motion. *See* CIR. R. 51(b). Because counsel's analysis appears thorough, we limit our review to the subjects Gemple and counsel discuss. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel represents that Gemple instructed him that he does not wish to withdraw his guilty plea, and therefore counsel does not discuss the voluntariness of the plea or the adequacy of Gemple's plea colloquy. *See* FED. R. CRIM. P. 11; *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). In his 51(b) response, however, Gemple writes that he does want to withdraw his plea. He argues that his plea was unknowing and involuntary because he thought his sentence would be lower, and he asserts that his lawyer never told him that he could withdraw his plea. Because Gemple did not move to withdraw his guilty plea in the district court, we would review the plea colloquy only for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Olson*, 880 F.3d 873, 877 (7th Cir. 2018). Here, we would see no reason to disturb his guilty plea because the judge complied with Federal Rule of Criminal Procedure 11. During the plea colloquy, the judge asked Gemple if he had read, discussed, and understood the plea agreement, which included the statutory minimum ten-year sentence; Gemple replied yes. Further, the judge twice reminded Gemple of the ten-year minimum sentence before taking his plea; Gemple replied that he understood. We would see no reason to disbelieve Gemple's sworn statements and disturb his guilty plea. *United States v. Moody*, 770 F.3d 577, 581–82 (7th Cir. 2014).

Counsel considers whether Gemple could challenge his sentence, but correctly concludes that his appeal waiver would foreclose that challenge. In his plea agreement, Gemple waived the right "to appeal or to contest [his] conviction and all components of [his] sentence or the manner in which [his] conviction was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel … ." We enforce waivers of the right to appeal if the underlying plea was knowing and voluntary and complied with Rule 11, *United States v. Kilcrease*, 665 F.3d 924, 927, 929 (7th Cir. 2012); *United States v. Cole*, 569 F.3d 774, 776 (7th Cir. 2009), and we have already determined that a challenge to the plea would be frivolous.

The remainder of Gemple's 51(b) response emphasizes that he would not have pleaded guilty were it not for the ineffective assistance of his defense counsel. Claims about trial counsel's ineffectiveness, however, are better saved for collateral review where the record can be developed with regard to the reasons underlying counsel's choices and tactics. *See United States v. Jones*, 696 F.3d 695, 702 (7th Cir. 2012).

Accordingly, we **GRANT** the motion to withdraw and **DISMISS** the appeal.