NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 5, 2021
Decided February 12, 2021

**Before**

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1197

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 19-CR-67-JDP |
| MARTELL A. NORRIS, *Defendant-Appellant*. | James D. Peterson, *Chief Judge*. |

**O R D E R**

Martell Norris pleaded guilty to possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1), and possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). The district court sentenced Norris to 180 months' imprisonment and five years' supervised release, the statutory minimum for his firearm offense under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Norris appealed, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. See *Anders v. California*, 386 U.S. 738 (1967). Since Norris did not respond to counsel's motion, see CIR. R. 51(b), and counsel's brief addresses the issues that an appeal of this kind would be expected to

involve, we limit our review to those issues. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Having confirmed that Norris does not wish to withdraw his plea, see *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012), counsel properly considers only the potential arguments she could make to challenge Norris's sentence. She considers first whether Norris could argue that his prior convictions did not qualify him for an enhanced sentence under the Armed Career Criminal Act. We agree with her that any such argument would be pointless. The Act applies to defendants who have been convicted of three prior violent felonies or serious drug offenses. 18 U.S.C. § 924(e). Under the Act, a "violent felony" includes any crime punishable by more than one year's imprisonment that "has as an element the use, attempted use, or threatened use of physical force." 18 U.S.C. § 924(e)(2)(B). In Norris's case, the district court found that he had been convicted of three violent felonies that meet this definition: two convictions in Wisconsin for battery to law enforcement officers, WIS. STAT. § 940.20(2), in 2000 and 2009, and one conviction in Illinois for vehicular hijacking, 720 ILCS 5/18-3, in 2001.

It would be frivolous to argue that battery to law enforcement officers in Wisconsin is not a violent felony. The 2000 and 2009 versions of the crime, WIS. STAT. § 940.20(2), had different penalties, but both permitted sentences exceeding one year. Although we have not yet addressed this precise statute, we have held that the crime, Battery by a Prisoner, WIS. STAT. § 940.20(1), is a violent felony under the Armed Career Criminal Act. See *Yates v. United States*, 842 F.3d 1051, 1053 (7th Cir. 2016). Both laws criminalize "intentionally caus[ing] bodily harm," and both define bodily harm the same way: "physical pain or injury, illness, or any impairment of physical condition," WIS. STAT. § 939.22(4). They differ only as to the identity of the batterer and the victim, which is irrelevant to whether the crime is "violent." We would therefore apply the same analysis to the use-of-force element for both crimes and conclude they are equally violent felonies. See *Jones v. United States*, 870 F.3d 750, 753 (8th Cir. 2017).

For similar reasons, there would be no point in arguing that vehicular hijacking in Illinois is not a violent felony. At the relevant time, Illinois defined vehicular hijacking as taking a motor vehicle "by the use of force or by threatening the imminent use of force." 720 ILCS 5/18-3. We have likewise never addressed this specific statute, but we have held that the crime of robbery, 720 ILCS 5/18-1, is a violent felony. See *Klikno v. United States*, 928 F.3d 539, 546 (7th Cir. 2019). Robbery has the identical force element: taking property "by the use of force or by threatening the imminent use of force." See 720 ILCS 5/18-1. We therefore would consider them both violent felonies under § 924(e). See *United States v. Sykes*, 914 F.3d 615, 620 (8th Cir. 2019) (applying

same reasoning to conclude vehicular hijacking is a crime of violence under U.S.S.G. § 4B1.2(a)(1)).

We may quickly dispatch the other potential arguments. Norris's 15-year prison sentence is the statutory minimum for an armed career criminal, and so it would be frivolous to argue that it is too long. See *United States v. Moody*, 770 F.3d 577, 580 (7th Cir. 2014). His five-year term of supervised release is one year above the four-year statutory minimum for his drug conviction. See 21 U.S.C. § 841(b)(1)(B)(iii). The justifications for a prison term also apply to supervised release, see *United States v. Bickart*, 825 F.3d 832, 839 (7th Cir. 2016), and the court here adequately justified its prison sentence by considering the relevant statutory factors: It recognized Norris's arguments in mitigation, such as his difficult childhood, but it also weighed Norris's history of evading arrest and the danger that his drug dealing poses to the community. 18 U.S.C. § 3353(a)(1), (a)(2)(C). Norris therefore cannot make a reasonable argument that his prison sentence or term of supervised release was unlawful.

Although it was overlooked by counsel, we address a clerical error in the judgment on the first offense of conviction. For that offense, Norris was charged with, and pleaded guilty to, possession with intent to distribute 28 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1). The judgment cites this crime correctly, but mistakenly cites the wrong sentencing provision, § 841(b)(1)(B)(viii) (methamphetamine), instead of § 841(b)(1)(B)(iii) (28 grams or more of crack cocaine). This had no effect on the calculation of his sentence; it is merely a clerical error on the judgment. A remand is unnecessary; we may correct the error ourselves. Under Federal Rule of Criminal Procedure 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment." *United States v. Anobah*, 734 F.3d 733, 739 (7th Cir. 2013) (citing FED. R. CRIM. P. 1(a)(1) to apply Rule 36 to courts of appeals). We thus order the clerk of the district court to amend the written judgment and commitment orders to reflect that the first offense of conviction falls under 21 U.S.C. § 841(a)(1) & (b)(1)(B)(iii).

We GRANT counsel's motion to withdraw and DISMISS the appeal.